IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LONNIE BERNARD DAVIS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | 1:13CV639 <br> 1:92CR195-1 |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a pleading seeking relief from a criminal judgment pursuant to Federal Rules of Civil Procedure, Rule 60(b). Rule 60(b) is not applicable to criminal proceedings and, consequently, a defendant may not attack his criminal conviction or sentence using the Rules of Civil Procedure. United States v. Leake, 96 F. App'x 873 (4th Cir. 2004); United States v. O'Keefe, 169 F.3d 281 (5th Cir. 1999). Rather, Petitioner's pleading should be construed as a request for habeas relief pursuant to 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he failed to file his claims on the proper § 2255 forms. See Rules Governing Section 2254 Cases Rule 2(c) and Rules Governing Section 2255 Proceedings Rule 2(b).

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, forms for filing § 2255 actions in this Court, and instructions.

IT IS THEREFORE RECOMMENDED that Petitioner's "Rule 60(b)" motion be construed as an attempt by Petitioner to file a § 2255 action and dismissed without prejudice to Petitioner filing a new action on the proper forms.[1]

This, the 15th day of August, 2013.

Joe L. Webster
United States Magistrate Judge

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.